## Gray v. Gwinn.

Practice.—*Supreme Court.—Motion for New Trial.*—A party making a motion for a new trial is bound by the reasons assigned therein, as shown by the record, and can urge no others in the Supreme Court.

Same.—*Judgment.—Form of.*—The form of a judgment cannot be questioned in the Supreme Court, if not excepted to in the court below.

APPEAL from the Warren Common Pleas.

Ray, C. J.—This was an action by appellee upon two notes secured by mortgage.   The appellant answered, that the notes were given as part of the purchase money for certain lands, and that by mistake the lands conveyed were supposed, and were represented by appellee, to include a certain strip which, in fact, was not embraced in the description inserted in the deed, and did not belong to the appellee; and he asked to set off or recoup the value of the strip against the claim of the appellee.   The jury rendered a verdict for the appellee for $1,652.67.

The first error argued by counsel is the overruling of the motion for a new trial, on the ground that the jury did not allow the appellant a sufficient amount for the land not included in the deed.

The finding of the jury is as follows: "We, the jury, find for the plaintiff, and assess his damages at sixteen hundred and fifty-two dollars and sixty-seven cents."

The reason for a new trial is in these words: "Because the damages assessed by the jury are not as much by three hundred and fifty dollars as the evidence in the case proved."

This is a singular reason to assign for a new trial, when it comes from the party against whom damages are assessed.

The statutory cause, "excessive damages," could have presented the question discussed in the brief of counsel. We cannot, however, disregard the record, and must hold the party bound by the reason assigned. That reason is no cause for a new trial in favor of appellant.

The next error is the order in the decree rendered by the court, that, "upon such sale and the payment of the purchase money, the sheriff shall execute to the purchaser a good and sufficient deed in pursuance of law." It is insisted that a certificate of purchase should have been ordered, with the right in appellant to redeem for the time fixed by law, and, on failure to redeem, the deed should have been ordered. Whether the order to execute the deed "in pursuance of law" does not include this, it is not necessary for us to decide, as no exception was taken to the form of the judgment, and therefore no question can be raised upon it in this court.

The judgment is affirmed, with costs.

*J. H. Brown* and *D. H. Twomey*, for appellant.

*W. P. Rhodes*, for appellee.